Opinion delivered May 25, 1888.

No. 6234.

## R. M. Low et al *v.* W. W. Tandy.

1. Forced Sale—Execution—Homestead.—The authority of a sheriff in the seizure and sale of property is limited by the terms of the writ Hence though the judgment may have been rendered on a note secured by mortgage on personal property subject to mortgage at the time it was executed, yet if before levy the property had become attached to the business homestead as a fixture neeced in the prosecution of the mortgagor's business, and there was no judgment entry foreclosing the mortgage, and execution issued running against the general assets of the defendant, the mortgaged property thus attached as a fixture to the homestead freehold would not be subject to seizure and sale under such general writ. The fact that the residence homestead of the debtor was, at the date of the levy of the writ, on leased property, would be immaterial.

2. Same.—The mortgage upon the property seized not being foreclosed could not affect the question of its liability to levy and sale.

3. Same.—The mortgagor of personal property, while he can not sell or remove it without the consent of the mortgagee, has a restricted control of it. If he attaches it to the homestead, it is exempt from forced sale at the suit of any other creditor, and can not be either seized or sold

under execution by the mortgagor until a judgment of foreclosure has been rendered.

4. SECONDARY EVIDENCE.—Secondary evidence of the contents of a written contract can not be admitted in the absence of proper diligence to secure the original.

APPEAL from San Saba. Tried below before the Hon. A. W. Moursund.

Low and Low, against whom this suit was brought, assumed to control an execution issued on a judgment rendered in favor of The Brown Cotton Gin Company and against the appellant, W. W. Tandy and others. A mortgage had been executed in favor of that company on the cotton gin, belting, etc., to J. J. Scruggs, trustee, from which the following is an extract:

"In consideration of ten dollars to me paid, we hereby sell and convey to J. B. Scruggs, trustee, his heirs and assigns, one sixty saw Brown cotton gin, feeder and condenser; one Reynolds cotton power press, and one engine, twenty horse power, with boiler, pump, pipe and complete outfit; and one corn grist mill complete; and two and one-half acres of land, located in the town of Richland Springs, San Saba county, Texas, a part of survey number two hundred and eighty, on which lot all the above machinery is now located, which is in my possession, in good order, and which I agree to keep in like good order, wear and tear excepted; which I also agree to keep well insured for the benefit of the said Scruggs, and not remove the same from said county until notes herein specified are all paid. * * * In case of non payment at maturity of any or all of the above, all shall become due, and J. B. Scruggs, his heirs or assigns, or the sheriff of Dallas county, Texas, are hereby authorized to take possession of and sell, or sell without taking possession, of the above described property," etc.

The judgment was on one of the notes secured by mortgage, though there was no judgment entry foreclosing the mortgage. The appellants directed the levy and sale of the property, which was sold, and indemnified the sheriff for its seizure and sale. In this suit they alleged, among other things, in the answer that the property was not attached as a fixture to the land claimed as homestead when the mortgage was executed, and offered the mortgage to prove this, which, on objection, was excluded. Verdict and judgment for eight hundred dollars, and a remittitur was entered in the Supreme Court for all ex-

cept four hundred and seventy-nine dollars and twenty-eight cents. At the time of the sale the appellee resided upon leased property, but owned the lot on which the cotton gin, etc., was situate and on which they had become fixtures, and which he used in the prosecution of his business employment.

*W. M. Allison, R. H. Ward* and *F. G. Morris,* for appellants: The property levied upon, not being attached to a homestead at the time of the mortgage on such property was executed, never became exempt from forced sale to satisfy the debt evidenced by the judgment on which the execution in question issued; and the remedy invoked by the creditor to subject said property to forced sale, whether by taking possession of the property as authorized by the mortgage, or by foreclosure of the mortgage judicially and seizure on order of sale, or by obtaining judgment on the debt and levy of a general execution on the judgment, was immaterial. The material point was that the property in question was not exempt from forced sale to satisfy the debt for which it was mortgaged. The execution was authority for the seizure of the non exempt property, and the mortgage was evidence that the property in question was not exempt from forced sale to pay that debt, and authorized the seizure of it without suit on default of payment, and the court should have permitted defendant's pleading and proof of the mortgage to show that the property levied upon did not become exempt from execution to satisfy that debt, and that the property was subject to be seized to pay the debt with or without suit or judicial procedure.

The execution of the mortgage on the machinery mentioning the various pieces of machinery separately from the land, and the agreement of the mortgagor to not remove the machinery out of San Saba county until the mortgage was paid, was a recognition by the mortgagor and all parties concerned of the movable and chattel character of the machinery as then on the land, and as much attached to the land as at any time since, and therefore, aside from the question of the mortgage justifying a levy on property otherwise exempt, the mortgage should have been admitted in evidence as tending to prove that the pieces of machinery levied upon remained personalty, and never became exempt property by becoming a part of the realty which is claimed as a homestead. (Schouler on Personal Property, secs. 116, 117; McGunkin v. Dupree, 44 Texas, 500.)

*Fisher· & Townes,* for appellee: Where parties claim a contract lien or mortgage with power of sale, he has his election to sue and take personal judgment, or to take possession and sell under the contract. Having elected his remedy and resorted to the court he can not litigate so much of the case as determines the liability of the debtor and his general assets and sue out process accordingly, and then supplement the authority given the officer by the writ with the personal power conferred upon the mortgagee by the contract and require of the officer a foreclosure sale under an ordinary writ. The lien remaining to be asserted was ineffective for any purpose affect. ing the property until asserted. (Fisher v. Foote, 25 Texas Supp., 317; Hargrove v. Simpson, 25 Texas, 397; McAlphin v. Burnett, 19 Texas, 500; Johnson v. Murphy, 17 Texas, 217.)

The mortgage never having been foreclosed, and the court in which the suit was brought and judgment rendered and execution issued, not having jurisdiction of the subject matter of the mortgage, it could not possibly have conferred any legal right either on the officer or appellants, and its introduction in evidence would only have led to confusion. (Fisher v. Foote, 25 Texas Supp., 317.)

The right to "business" homestead is not dependent on having a "residence" homestead. Whenever the facts concur which clothe the place of business with homestead properties, it is exempt without reference to any extraneous matter. The Constitution does not contemplate that the head of a family shall be rich enough to own a place of business and a residence beside before the former is protected.

WALKER, ASSOCIATE JUSTICE. The use by Tandy of the lot upon which the gin and mill buildings were erected, for the exercise of his business and calling, made the premises a homestead under the law. His residence upon leased property could not affect the right to exemption for his place of business given by the Constitution and laws of the State. (57 Texas, 377.)

The judgment on the note against Tandy and his sureties, without foreclosure of the mortgage upon property encumbered with the note, only authorized execution against property not exempt—that is, property not liable to forced sale. The mortgage upon the property seized not being enforced did not affect the question of liability of the property to levy and sale. (25 Texas, 397; 25 Texas Supp., 316; 43 Texas, 146; 46 Texas, 315.)

The cotton gin and other machinery seem to have been placed in buildings upon the lot, and to have been attached as fixtures to the realty. While the mortgagor of personal property has a restricted control of it, he can not sell or remove it; still, subject to foreclosure either by sale by trustee or by judicial order, the mortgagor can so use it as to make it exempt from seizure and sale by any other creditor or in any other mode than by foreclosure.

The court then did not err in sustaining exception to that part of the answer setting up the mortgage by Tandy to secure the note upon which the judgment had been rendered as a defense to the seizure without foreclosure of property exempt from execution, nor for excluding the mortgage when offered in evidence. As to exclusion of secondary evidence of the contract of purchase of machinery, the record does not show sufficient effort to secure the original. Low & Low, as agents had sold the gin to Tandy, and had indorsed his notes for the property and forwarded them to parties at Dallas, who subsequently failed in business, and did not return the contract when written to for it. Nor does it appear that the parties were its proper custodians. But the testimony is not material to the issues upon which it is evident the case was decided.

The assignment "The court erred in its charge to the jury" is too general to require attention. The verdict as to the use made by Tandy of the lot, and the manner of use of the machinery as fixtures, is sufficiently sustained by the testimony. The verdict, however, is excessive, and the remittitur in excess of the testimony is allowed.

Judgment below is reversed and here rendered for four hundred and seventy-nine dollars and twenty-eight cents.

*Reversed and rendered.*