## FIRST NAT. BANK OF KAUFMAN v. DISMUKES. (No. 2565.)

(Court of Civil Appeals of Texas. Texarkana. May 4, 1922.)

**1. Homestead ⬤☞57(3), 181(3)—Evidence held sufficient to support findings that a building was used as a business homestead, and had not been abandoned.**

In a suit by a property owner against his mortgagee to cancel a deed of trust, evidence *held* sufficient to support findings that a building was used as a business homestead by plaintiff, and that it had not been abandoned by him.

**2. Homestead ⬤☞83 — Business building on leased land held a "homestead."**

Under Const. art. 16, § 51, and Vernon's Sayles' Ann. Civ. St. 1914, art. 3786, providing that a homestead in a town or village "shall consist of * * * a lot or lots, not to exceed in value five thousand dollars, * * * provided, that the same shall be used for the purpose of a home, or as a place to exercise the calling or business of the head of a family," a warehouse on leased premises in which the head of a family carried on his business constituted a homestead; "house" being necessarily embraced in the word "homestead."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Homestead.]

**3. Homestead ⬤☞81—Any possessory interest, coupled by occupancy by a husband and his family, is sufficient to support a homestead claim.**

Under the Homestead Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 3786), any possessory interest in a lot or lots, coupled with the requisite occupancy by a husband and his family, is sufficient to support a homestead claim.

**4. Homestead ⬤☞57(3) — Exclusive uninterrupted possession by head of family is sufficient to constitute a homestead as against a judgment creditor.**

Under the Homestead Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 3786), where an exclusive uninterrupted possession of leased premises on which a husband had a warehouse and office in which he carried on his business was shown, this was sufficient as against a judgment creditor, regardless of failure to show the kind of lease or term of its duration.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by P. H. Dismukes against the First National Bank of Kaufman. From judgment for plaintiff, defendant appeals. Affirmed.

The appellee filed the suit against appellant, alleging that in February, 1916, he exe-cuted a deed of trust to secure an indebtedness owing by him to appellant, and asking that the deed of trust be canceled as casting a cloud upon the title to the property, and that the appellant be enjoined from enforcing the deed of trust upon the ground that the property was and is used, occupied, and claimed as a business homestead. The appellant answered by a general denial, and by cross-action, after setting up the facts, prayed for judgment for the debt and foreclosure of the deed of trust. The case was tried before the court without a jury, and judgment was entered in favor of the appellee enjoining appellant from enforcing the deed of trust, and in favor of appellant on the cross-action for the amount of the debt.

[1] It appears from the evidence without dispute that on March 13, 1919, P. H. Dismukes and M. K. Dismukes executed a deed of trust to W. T. Nash, trustee, to secure the First National Bank of Kaufman in the payment of a promissory note in the sum of $9,500, owing by P. H. Dismukes, providing that, in case of failure to pay the note, the trustee is authorized and empowered to sell the property in accordance with statutory requirements as to sale of real estate. The deed of trust transfers to the trustee, in trust to secure the payment of the note, the following property:

(1) Block No. 3 of John G. Moore's addition to the town of Kaufman, and being specifically described.

(2) 140 acres of land, specifically described, located in Howard county, Tex.

(3) 40 acres of land, described and located in Howard county, Tex.

(4) "That warehouse lying and being situated west of the Texas Midland Railway, and being on the right of way of said railroad; the building being one-story frame 24x80 feet, situated in the city of Kaufman, Tex."

This "warehouse" above described is the property and only property in controversy alleged or claimed as exempt property, and not subject to the deed of trust. The deed of trust was duly registered in the county clerk's office.

It appears that both prior to and since the date of the deed of trust the family of appellee consisted of his wife and two minor children. Appellee was and is engaged in the business of handling grain, produce, cotton, and cotton seed. He began the business above in 1916. In the summer of 1916 appellee built the house or "warehouse" described in the deed of trust. It is a one-story frame building 24 feet wide and 80 feet long. A small space in the northwest corner of the building is boxed up so as to make a room or compartment. The remainder of the building is an open room used to store and house the products the appellee

---

⬤☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

handled. The inclosed space or room was used by appellee as an office. He testified:

"I have used it (the building) continuously 'for my business affairs and as office headquarters. I have a safe, typewriter, adding machine, office equipment, a couple of desks built into the wall, and letter files in my office. There is also a pair of scales there that we operate, weighing stuff we sell and buy. The remainder of the building was used to store the products we handled; we sometimes stored stuff for other people there. I handled oats, wheat, corn, maize, cotton seed, poultry, and ·sometimes fuel. I have at all times since I built that house claimed it as my business homestead. I have never rented the building to any one. Except for 30 days when I used my typewriter and adding machine up in town, all my office equipment has been continuously in my building since I built it in 1916. At the time I gave the deed of trust, and the date of its delivery, I was using the building for the transaction of all my business affairs, the buying and selling of grain, grain products, cotton, and poultry."

This building or "warehouse" was located wholly on the right of way owned by the Texas Midland Railway Company, and was built lengthwise and near the railway track. The appellee testifies:

"I don't own the land on which my building is situated. I haven't a title to the lot my building is located on. The land is the property of the Texas Midland Railway Company. The only claim I have to the lot is a lease on it from the Texas Midland Railway Company."

There is no evidence of the terms of the lease, nor the length of time the lease was to run. The above is the entire evidence concerning the lease. The evidence is sufficient to support the trial court's findings of fact that the building was used as a business homestead by appellee and the same had not been abandoned by him.

Wynne & Wynne, of Kaufman, for appellant.

Ross Huffmaster, of Kaufman, for appellee.

LEVY, J. (after stating the facts as above). [2] The only question presented on the appeal is that of whether or not a homestead will attach to a business house or "warehouse" that is constructed on leased premises. In point of fact the "warehouse" was used by the husband, as the head of a family, as a place to exercise his business, at the time and since the deed of trust was made and filed. As the homestead right or privilege is of constitutional creation, its nature, character and extent depend upon the law creating and defining it. "The homestead in a city, town or village," as defined by the Constitution of this state—

"shall consist of * * * a lot or lots not to exceed in value five thousand dollars at the time of their designation as the homestead,

without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place to 'exercise the calling or business of the head of a family; provided, also, the temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired." Const. art. 16, § 51; article 3786, Complete Stat. of 1920.

Ownership of the fee in the "lot or lots" is not, by any terms of the law, essential to the existence of the homestead. The only limitation of the law is as to value and the use of the property. While the law is in terms of "lot or lots" of land, yet the object was to secure to the family a place of family residence and a place for the head of the family to actually exercise his calling or business to support the family. A "house" is necessarily embraced in the word "homestead." Franklin v. Coffee, 18 Tex. 413, 70 Am. Dec. 292; Cullers v. James, 66 Tex. 494, 1 S. W. 314. As stated in this latter case:

"If the head of a family owns a house and no interest or estate in the land on which it stands, the house is a chattel. If he occupies it with his family, it is their home. He may be compelled to move it from one lot to another as fast as legal process can oust him, still, though ambulatory, unsatisfactory, and in all its appointments mean; though it advertises the thriftless poverty of its proprietors, and. is a caricature of the princely possibility of the exemption laws, it is the home of a family, and is embraced in the spirit and purpose, if not the letter, of the Constitution. The same principles under our present Constitution must be applied to the place of business of the head of the family."

[3] Hence, giving effect to the plain intent of the Homestead Act, any possessory interest in a lot or lots, the fee-simple title not being required to support it, coupled with the requisite occupancy by the husband and his family, is sufficient to support a homestead claim. Consequently, if any possessory interest in the lot or lots less than the fee-simple title is sufficient to entitle a claimant to the benefits of the provisions of the Homestead Act, it follows logically that the homestead right and privilege attaches to a tenement or building, coupled with the requisite occupancy, erected upon leased or rented premises. Cullers v. James, supra; Low v. Tandy, 70 Tex. 745, 8 S. W. 620; Phillips v. Warner (Tex. Sup.) 16 S. W. 423; Brewing Ass'n v. Smith (Tex. Civ. App.) 26 S. W. 94; Ellis v. Bingham (Tex. Civ. App.) 150 S. W. 602.

[4] It does not appear, it is true, in the · record the kind of lease, or duration of the same, that appellee has in the land. An exclusive, uninterrupted possession of the premises does appear. That is sufficient as against a judgment creditor. Where a head of a family is in the exclusive possession, as

here, of a lot of land actually occupied by him as a business homestead, it does not concern the judgment creditor whether such claimant possesses a lease for a long term of years or of less duration.

The judgment is affirmed.