GANN et al. v. MONTGOMERY et al.

No. 14919.

Court of Civil Appeals of Texas.
Fort Worth.

March 19, 1948.

Rehearing Denied April 16, 1948.

Doyle H. Willis and Oliver W. Fannin, Jr., both of Fort Worth, for appellants.

Tom R. Mears and Byron L. McClellan, both of Gatesville, for appellees.

McDONALD, Chief Justice.

On February 20, 1948, we reversed the order of the trial court dismissing this cause, and remanded the cause for further proceedings not inconsistent with our opinion. Upon further consideration, we have concluded that the judgment of the trial court ought to be affirmed. We hereby withdraw our former opinion, and write this as our opinion in the case.

James P. Gann and his wife owned a house trailer, mounted on wheels, of the type usually pulled behind an automobile. It was equipped with built-in beds, dinette,

stove, ice-box and cook stove. They and their two children had lived in it for two and a half years next prior to the time of the trial, and had no other home. About the first of January, 1947, they brought the trailer to Mexia, where Mr. Gann's parents were living in a rented home. They received permission from Mr. Gann's parents to park the trailer in the parents' back yard, and it was orally agreed that they might leave it there while Mr. Gann looked for a job. On January 21, 1947, Mr. Gann executed a note for approximately $1,200 to L. E. and R. E. Todd, and to secure its payment executed a chattel mortgage on the trailer. The note and mortgage were assigned to H. B. Chandler, who later brought suit thereon in the 54th District Court of McLennan County, and recovered judgment ordering a foreclosure of the chattel mortgage lien. Order of sale was issued and placed in the hands of the Sheriff of Tarrant County for execution. In the meantime Mr. Gann had entered the United States Army, and at the time of trial was stationed at Fort Worth Army Airfield, in Tarrant County. His family still lived in the trailer, which was, at the time the present suit was brought and at the time it was tried, parked on land belonging to said Airfield. Mrs. Gann did not sign the note and mortgage, and was not made a party to the foreclosure suit in McLennan County.

On September 2, 1947, Mrs. Gann, joined by her husband, brought the present suit in the 96th District Court of Tarrant County, naming H. B. Chandler and the Sheriff of Tarrant County as defendants. The relief sought was a temporary restraining order, a temporary injunction, and a permanent injunction to restrain the defendants from selling the trailer, on the ground that it was the homestead of Mrs. Gann and her family when the mortgage was executed, and that the mortgage was therefore void under the provisions of Article 16, Section 51 of the Constitution of Texas, Vernon's Ann.St.

On October 7, 1947, the cause came on to be heard on plaintiff's application for a temporary injunction, at the conclusion of which hearing the court entered an order declaring that the house trailer was personal property and was not exempted as a homestead under the Constitution of the State of Texas; and further declaring that since plaintiff did not comply with the provisions of Article 4643 of the Revised Civil Statutes, the application for temporary injunction should be denied and that the cause should be dismissed.

Mrs. Gann and her husband have appealed from such order.

Art. 4656 provides that writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. Art. 4643 provides that an injunction may be granted under certain conditions by a judge of a court other than the court to which such injunction is returnable, but, as found by the trial court, plaintiff failed to bring herself and her case within the provisions of art. 4643.

Mrs. Gann was not a party to the foreclosure suit. If the property sought to be sold under the order of sale was her homestead at the time the mortgage was given, she was not precluded from bringing the injunction suit in a court other than that in which the judgment of foreclosure was rendered. See Long v. Knott, Tex.Civ.App., 203 S.W. 1127, writ dismissed; and Carey v. Looney, 113 Tex. 93, 251 S.W. 1040, for full discussion of the applicable rules. But if the property was not subject to the homestead claim, then she was bound by the judgment rendered in the suit in McLennan County, and was virtually a party thereto. 23 Tex.Jur. 336. In such latter event the proper order to be entered by the Tarrant County court would be one dismissing the suit. Murph v. Bass, Tex.Civ.App., 276 S.W. 767; Citizens' Bank v. Brandau, Tex.Civ.App., 1 S.W.2d 466, writ refused; Honea v. Graham, Tex.Civ.App., 66 S.W.2d 802.

The controlling question in the case, therefore, is whether or not the trailer was a homestead within the meaning of the Constitution.

"Homestead rights have their origin in constitutional and statutory provisions and

not in the common law." 40 C.J.S., Homesteads, § 2.

"There are no exemptions except those provided by law. * * * The courts have always given a liberal construction to the Constitution and Statutes to protect the homestead rights. However, the courts cannot protect that which is not homestead * * *." Whiteman v. Burkey, 115 Tex. 400, 282 S.W. 788.

"The exemption is, in terms, of lots or acres of land; but the object was to secure the family a home. 'House' is necessarily embraced in the word 'homestead.'" Cullers v. James, 66 Tex. 494, 1 S.W. 314, 315. "A homestead is the dwelling house constituting the family residence, together with the land on which it is situated and the appurtenances connected therewith." 40 C.J.S., Homesteads, § 1. Referring to the meaning of the term homestead, it is said in Thompson on Real Property, Perm.Ed., Vol. 2, Sec. 967, "In this sense it means that tract of land which being within the statutory limitations both as to quantity and value is held, occupied, and claimed as a homestead, and includes as an indispensable part thereof the dwelling-house or family residence." In 40 C.J.S., Homesteads, § 52, it is said: "The right of homestead is generally regarded as incidental to an interest in land, rather than to buildings considered apart from the soil; but it attaches to the structure erected on exempt premises and to fixtures permanently annexed to the realty."

▆ The claim of homestead exemption does not depend on unqualified fee ownership of the land involved. We quote the following from the opinion in First Nat. Bank v. Dismukes, Tex.Civ.App., 241 S.W. 199, 200: "Hence, giving effect to the plain intent of the Homestead Act, any possessory interest in a lot or lots, the fee-simple title not being required to support it, coupled with the requisite occupancy by the husband and his family, is sufficient to support a homestead claim. Consequently, if any possessory interest in the lot or lots less than the fee-simple title is sufficient to entitle a claimant to the benefits of the provisions of the Homestead Act [Vernon's Ann.Civ.St. art. 3833], it follows logically that the homestead right and privilege attaches to a tenement or building, coupled with the requisite occupancy, erected upon leased or rented premises. Cullers v. James, supra; Low v. Tandy, 70 Tex. 745, 8 S.W. 620; Phillips v. Warner [4 Willson, Civ.Cas.Ct.App., § 147], 16 S.W. 423 [Anheuser-Busch]; Brewing Ass'n v. Smith, Tex.Civ.App., 26 S.W. 94; Ellis v. Bingham, Tex.Civ.App., 150 S.W. 602."

Appellant argues that the requirements of the law were met in her case by reason of the fact that Mr. Gann's parents had orally given him permission to park the trailer in their back yard for such time as he wished to leave it there. In view of the holdings in such cases as Massillon Engine & Thresher Co. v. Barrow, Tex.Com.App., 231 S.W. 368; Rettig v. Houston West End Realty Co., Tex.Com.App., 254 S.W. 765; Johnson v. Prosper State Bank, Tex. Civ.App., 125 S.W.2d 707, affirmed by the Supreme Court, 134 Tex. 677, 138 S.W.2d 1117, it is doubtful if Mrs. Gann and her husband had such a possessory interest in the portion of his parents' premises occupied by the trailer as would support a claim of homestead exemption. The possession of Mrs. Gann and her husband at best was only co-extensive with that of his parents. The question involved is fully discussed in the opinions just cited.

Assuming for the purpose of argument that appellant did have such possessory interest in the land upon which the trailer was parked as would support the homestead claim, we must decide whether the trailer was such type of structure as to come within the rule which regards the house as part of the land, within the contemplation of the constitutional provision.

In 26 Am.Jur., p. 23, it is said that the homestead right may attach to a chattel if it has been annexed to the freehold so as to have become a fixture and to have acquired the character of realty.

▆ It is settled that the exemption may be claimed in a house owned by the claimant, though the land belong to another. Where the ownership of a house is in one person, and the ownership of the land is

in another, the house may properly be referred to for some purposes as a chattel, and in such a case it might properly be said that the homestead exemption can attach to a chattel. But it does not follow that the exemption can attach to any kind of chattel, merely because the chattel rests on a tract of land by permission of the owner of the land. The distinction between a chattel, so-called, which is a fixture attached to the reality, and a chattel which is not, in relation to the matter of homestead exemption, is clearly recognized in the case of Cullers v. James, 66 Tex. 494, 1 S.W. 314. In the cited case James owned a residence, claimed as a residence homestead, and a gin house, claimed as a business homestead, on land which belonged to another. The court, in its opinion, used the following language, which appellant urgently insists supports the claim of exemption made in the present case: "It is contended that the homestead, under the constitution, cannot embrace personal property. The exemption is, in terms, of lots or acres of land; but the object was to secure to the family a home. 'House' is necessarily embraced in the word 'homestead.' Franklin v. Coffee, 18 Tex. [413], 417 [70 Am.Dec. 292]. If the head of a family owns a house, and no interest or estate in the land on which it stands, the house is a chattel. If he occupies it with his family, it is their home. He may be compelled to move it from one lot to another as fast as legal process can oust him, still, though ambulatory, unsatisfactory, and in all its appointments mean; though it advertises the thriftless poverty of its proprietor, and is a caricature of the princely possibilities of the exemption laws, —it is the home of a family, and is embraced in the spirit and purpose, if not the letter, of the constitution."

Taken alone, this language might indicate a belief by the Supreme Court that the homestead exemption could attach to any chattel, such as a covered wagon, or a houseboat, or any other type of movable vehicle or conveyance, which for the time being might be occupied by the claimant and his family as living quarters. But when we examine the opinion in the light of the facts of the case, and consider the disposition made of the entire case, we come to a different conclusion. James claimed a homestead right not only in the two buildings; but also in the mill and gin machinery in the gin house. We quote further from the opinion: "To give effect to the object of the law, the dwelling-house and the gin-house must be held to have been improperly seized under the plaintiff's writ. But we do not feel authorized to extend the scope of the law's purpose any further than this. The mill and gin, and pertinent apparatus and machinery, may become part of the homestead in town or country, not because they are in themselves exempt, but because they are parts of that which is exempt. If they are annexed to and form a part of a tract of land, in which a family has a homestead right, their location and use will aid in determining what portion of the tract is under protection from seizure, as in the case of Houston & G. N. Railroad Co. v. Winter, 44 Tex. 597. But, to be exempt as part of the homestead, they must be part of the exempt realty. They form no part of the home proper, which it was the overruling purpose of the constitution to secure to the family, and can be claimed as exempt only when embraced in the words of the law as part of the land in terms protected."

We find a similar holding in Taylor v. Prendergast, Tex.Civ.App., 29 S.W. 87.

Our homestead laws were the subject of a lengthy discussion in Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35. While the facts there involved, and the question to be decided, were different from those now before us, the opinion is valuable for its exhaustive examination of the history of the exemption laws and the rules relating thereto. Throughout the opinion a distinction is noted between the exemption of the homestead and exemptions of personal property. The language of the opinion as a whole compels the conclusion that the court thought of the homestead exemption as an exemption of realty as distinguished from an exemption of personalty.

In each of the cases relied on by appellant, except one we shall discuss, the structure claimed as exempt was without doubt a house, or a building, of the kind and

260

character which would uniformly have been declared to be a permanent fixture attached to the realty, and could have been thought of as a chattel only within the limited meaning of that term as it is used in reference to a house which is owned by one person and situated on land owned by another.

Clark v. Vitz, Tex.Civ.App., 190 S.W. 2d 736, 739, writ refused, involved a house trailer similar to the one involved in the case before us. The opinion, as we read it, supports the views we express in this opinion. In the cited case, the homestead claimant owned and occupied as a home a brick residence and the lot on which it was situated. After acquiring the trailer, he placed the trailer on wooden blocks alongside his house, connected it with the electrical wiring of the house, and testified that he was planning to connect it with the water supply of the residence. Without stating all the details, it is enough to say that the court held that the trailer had in effect been made a part of the house. The trial court had held that the trailer was exempt either as a motor vehicle or as a part of the homestead. The Court of Civil Appeals held that it was not exempt as a motor vehicle, because, it declared, such a change was made in the use of the vehicle as to give it a different character. We quote a portion of the opinion: "There are many cases holding that the nucleus of the exemption is the lot upon which the dwelling is situated; that it will draw to it all improvements or outhouses used for homestead purposes located thereon."

The court concluded its opinion by declaring that the trailer had the status of simply another room built onto the residence already on the lot.

We have been cited to no case, nor have we found any, applying the homestead exemption to a mere movable chattel which does not possess the characteristics of a permanent fixture attached to the realty. To hold that the homestead exemption applies to the trailer in the case before us would be to hold, as a practical matter, that it applies to almost every trailer which is occupied by the owners, if they constitute a family which does not own another home. It is not unreasonable to assume that they are usually parked, when they are not traveling along the highways, on some plot of ground with the permission of the owner of the ground. It might be consistent with the policy of our homestead laws to enact another law exempting automobile trailers which are occupied as homes, but, as said by the Supreme Court in Whiteman v. Burkey, supra, there are no exemptions except those provided by law, and the courts cannot protect that which is not a homestead.

Our judgment rendered on February 20, 1948, is set aside, and our opinion of that date is withdrawn. The judgment of the trial court is hereby affirmed.

Appellants' motion for rehearing, heretofore filed, is overruled, but in view of the action taken herewith, appellants are given leave to file a second motion for rehearing within fifteen days after the date the present judgment is rendered.

SPEER, Justice (concurring).

Under the facts in this case, I concur in the conclusions reached in the opinion written by Chief Justice McDonald on motion for rehearing. If a person encumbers property with lien at a time when it is not a homestead, he cannot later make it a homestead and thereby defeat the lien. My personal views are that a homestead may be had in an automobile trailer in which the family lives. Some proprietary interest in land must be associated with the ownership and occupancy. That interest may be in fee or under lease for a term. The nature of the structure claimed as a home is of no consequence, whether it be a mansion, hovel, tent or auto trailer. Whether the foundation be of reinforced concrete, pine blocks, or wheels can make no difference. The ease and nominal expense with which it can be removed to another location do not alter its homestead character.

These matters only incidentally entered into the case before us, but I am unwilling to be understood as holding that under no circumstances could an auto trailer in which a family lives be held to be a home-

stead. The main opinion does not hold that such a homestead interest could never exist, yet I have only written this to express my own views so that the opinion may not be misinterpreted.