**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51215
Summary Calendar

IN THE MATTER OF:

THOMAS EUGENE NORRIS, SR.
KAREN LYNN NORRIS

Debtors

THOMAS EUGENE NORRIS, SR.
KAREN LYNN NORRIS

Appellants

v.

JOHNNY W. THOMAS, TRUSTEE

Appellee

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:

Debtor-appellants Thomas and Karen Norris challenge the
bankruptcy court's holding that, under Texas law, their boat may
not be considered a homestead and is therefore not exempt from
creditors in bankruptcy. As this case presents a novel question of
Texas state law, which is dispositive of the entire case, we
respectfully certify the question to the Texas Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION ART. 5, 3-C AND RULE 58 OF THE TEXAS RULES OF APPELLATE PROCEDURE

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

I. STYLE OF THE CASE

The style of the case in which certification is made is <u>In re Norris</u>, or <u>Norris v. Thomas</u>, Case No. 04-51215 in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas, San Antonio Division, <u>Norris v. Thomas</u>, 316 B.R. 246 (W.D. Tex. 2004), and the Bankruptcy Court, Western District of Texas, San Antonio Division, No. 03-55095. Federal jurisdiction is based on a federal question presented. The Fifth Circuit, on its own motion, has decided to certify this question to the Justices of the Texas Supreme Court.

II. STATEMENT OF THE CASE

In September 2003, debtor-appellants Thomas and Karen Norris filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, Western District of Texas, indicating that their street address was 13909 Nacogdoches Road, San Antonio, Texas. In the same petition, the Norrises claimed a 68-foot boat as exempt property under Article 16, §§ 50 and 51 of the Texas Constitution (the "Homestead exemptions") and Texas Property Code §§ 41.001 and 41.002. The boat includes four

2

bedrooms, three bathrooms, a galley, and an upper and lower salon. Mr. Norris testified that he listed the San Antonio street address, a business postal center, in the bankruptcy petition because he receives his mail there, rather than at the marina in Corpus Christi where his boat is moored. After selling his home in Lake McQueeney, Texas in 2000, Mr. Norris had taken up permanent residence on his boat.

The bankruptcy court denied the debtors' claim for exemption, holding that the Texas homestead exemption, even broadly construed, does not include boats. The district court agreed that language in the Texas statutes addressing homesteads indicates that the legislature intended homesteads to include only estates in land and improvements affixed to land. The court concluded that structures unattached to land, such as a boat, even if used as a debtor's primary residence, are moveable chattels and do not fall within the definition of homestead under Texas law.

III. LEGAL ISSUES

When a debtor selects state exemptions on filing a bankruptcy petition under 11 U.S.C. § 522, the bankruptcy court must determine exemption rights according to state law.[1] "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."[2] The Texas Constitution provides

---

[1] In re Nerios, 171 B.R. 224, 225 (Bankr. N.D. Tex. 1994).

[2] Owen v. Owen, 500 U.S. 305, 308 (1991).

for a homestead exemption but does not define the term other than to limit a rural homestead to not more than two hundred acres of land with the improvements thereon and urban homesteads to not more than 10 acres together with improvements.[3]  The Texas Property Code defines homestead as follows

> (a) If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.
> (b) If used for the purposes of a rural home, the homestead shall consist of:
>   (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
>   (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the  improvements thereon.
> (c) A homestead is considered to be urban if, at the time the designation is made, the property is:
>   (1) located within the limits of a municipality or its extraterritorial jurisdiction or a platted subdivision; and
>   (2) served by police protection, paid or volunteer fire protection, and at least three of the following services provided by a municipality or under contract to a municipality:
>   (A) electric;
>   (B) natural gas;
>   (C) sewer;
>   (D) storm sewer; and
>   (E) water.
> (d) The definition of a homestead as provided in this section applies to all homesteads in this state whenever created.[4]

---

[3] Tex. Const. Art. XVI §§ 50, 51.

[4] Tex. Prop. Code Ann. § 41.002.

The Texas Tax Code, however, defines a homestead as a structure used as an individual's or family's residence, together with the land, if the structure and land have identical ownership.[5]

In Texas, homesteads are "favorites of the law," so we must "give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions."[6] "Indeed, we must uphold and enforce the Texas homestead laws even though in so doing we might unwittingly assist a dishonest debtor in wrongfully defeating his creditor."[7] Historically, however, the purpose of the Texas homestead exemptions, "both urban and rural, has been to protect not only the home, but also the property that enables the head of the household to support the family."[8]

In this case, we have been asked to resolve whether a debtor may claim a homestead exemption in a motorboat without any accompanying interest in real property, i.e., whether a debtor may claim a homestead exemption in personal property. In Cullers v.

---

[5] Tex. Tax Code Ann. § 11.13 (j).

[6] In re Bradley, 960 F.2d 502, 507 (5th Cir. 1992). See also Perry v. Dearing, 345 F.3d 303, 316 (5th Cir. 2003)("Homesteads are favorites of the law, and are liberally construed by Texas courts.").

[7] Id.

[8] Perry, 345 F.3d at 317 (emphasis added). See also Houston & Great N.R.R. Co. v. Winter, 44 Tex. 597, 611 (Tex. 1876)(stating that the rural homestead exemption aims to protect the farm, mill, gin, tanyard, or whatever else had been used in connection with the residence to provide a living and support the family).

<u>James</u>,[9] the Supreme Court of Texas stated that a house standing on land not owned or leased by a family is a chattel but may qualify as a homestead under the Texas constitution.[10] Although this statement appears to endorse the debtors' argument that the homestead exemption includes personal property used as a home without regard to whether it is attached to or situated on land, such an argument was rejected by a Texas appellate court when it determined that mobile homes do not qualify for the homestead exemption without an accompanying interest in the real property to which they are affixed.[11] The <u>Gann</u> court expressed doubt whether in <u>Cullers</u> the Supreme Court of Texas intended to expand the

---

[9] 1 S.W. 314 (Tex. 1886).

[10] 1 S.W. at 315. <u>See also</u> <u>Kelly v. Nowlin</u>, 227 S.W. 373, 375 (Tex. Civ. App. 1921)("[T]he Supreme Court held that a homestead right may attach to the building alone when occupied as a residence. But that rule applies when the building is mere personalty, and not a fixture forming a part of the realty, as when the land is owned by one party and the house by another.")(citing <u>Cullers</u>, 1 S.W. at 315).

[11] <u>See</u> <u>Gann v. Montgomery</u>, 210 S.W.2d 255, 259 (Tex. Civ. App. — Fort Worth 1948, writ ref'd n.r.e.)("[T]o be exempt as part of the homestead, [mobile homes] must be part of the exempt realty."). <u>See also</u> <u>Minnehoma Financial Co. v. Ditto</u>, 566 S.W.2d 354, 357 (Tex. Civ. App. — Fort Worth 1978, writ ref'd n.r.e)("If a mobile home is attached in such a manner [indicating an intention that it be a permanent part of the real estate] to a homestead, it is entitled to homestead protection.")(citations omitted); <u>Capitol Aggregates, Inc. v. Walker</u>, 448 S.W.2d 830, 835 (Tex. Civ. App. — Austin 1969, writ ref'd n.r.e)("All homesteads, excluding the land, consist of an aggregation of chattels. It is their attachment to realty which gives them homestead character."); <u>Clark v. Vitz</u>, 190 S.W.2d 736, 738 (Tex. Civ. App. — Dallas 1945, writ ref'd)(approving use of homestead exemption for mobile trailer affixed to debtor's "homestead lot" and used as an extension of family's brick house).

homestead exemption to include personal property not affixed to land and noted that <u>Cullers</u> only considered the homestead status of structures that were "without doubt a house, or a building of the kind and character which would uniformly have been declared to be a permanent fixture attached to the realty."[12]

Several bankruptcy courts sitting in other jurisdictions and applying the laws of other states have found in favor of debtors claiming homestead exemptions in boats on which they resided. Some of those courts have done so by relying on statutes that expressly allow for an exemption in "personal property"[13] or "mobile homes or <u>similar dwellings</u>."[14] Others have relied on liberal construction of homestead exemption statutes, reasoning that, for example, boat dock slips are real estate to which debtors have a title, therefore entitling their houseboats to exemptions;[15] that the primary question is not whether a home is affixed to land but whether, on the petition date, the debtor was using a boat as his only

---

[12] <u>Gann</u>, 210 S.W.2d at 260. <u>See</u> <u>Cullers</u>, 1 S.W. at 315 (holding that a mill and gin could be considered part of an exempt homestead if they were part of the "exempt realty.").

[13] <u>In re Ross</u>, 210 B.R. 320, 323 (Bankr. N.D. Ill. 1997); <u>In re Herd</u>, 176 B.R. 312, 313-14 (Bankr. D. Conn. 1994); <u>In re McMahon</u>, 60 B.R. 632, 634 (Bankr. W.D. Ky. 1986).

[14] <u>In re Scudder</u>, 97 B.R. 617, 618-19 (Bankr. S.D. Ala. 1989)(allowing a houseboat to be claimed under Alabama's homestead exemption statute, which provides for exemptions of "mobile home[s] <u>or similar dwelling[s]</u>.")

[15] <u>In re McMahon</u>, 60 B.R. at 634.

residence;[16] or, in the case of the cab of a semi-tractor truck, a debtor's intent to use such a structure as his residence.[17] In contrast, other courts have construed state statutes narrowly, as the bankruptcy and district courts did in this case, noting that the statute at issue did not include exemptions for personal property, waterborne vessels, or "mobile homes or similar dwellings."[18]

Given this tension between, on the one hand, the above-quoted language in the Texas Constitution and Property Code and in other Texas Supreme Court opinions referring to the homestead estate as "an estate in land,"[19] and, on the other hand, our duty to construe the Texas homestead exemption broadly and the novelty of the question presented, we are reluctant to be the first court to decide this public policy-bound state law issue. We therefore respectfully request that the Texas Supreme Court address and

---

[16] In re Mead, 255 B.R. 80, 84-85 (Bankr. S.D. Fla. 2000).

[17] In re Laube, 152 B.R. 260, 262-63 (Bankr. W.D. Wis. 1993)(holding operable semitruck cab used by professional driver as homestead despite statute's description of "dwelling" as "a building, condominium, mobile home, house trailer, or cooperative.")(citation omitted).

[18] In re Kiedaisch, Bk. No. 95-11726-MWV, 1996 LEXIS 1977 at *8-9 (Bankr. D.N.H. Apr. 22, 1996). See also In re Hacker, 260 B.R. 542, 547-48 (Bankr. M.D. Fla. 2000)(holding that a debtor's boat was a movable chattel, not a permanent residence entitled to homestead exemption).

[19] Laster v. First Huntsville Props. Co., 826 S.W.2d 125, 129 (Tex. 1991); Woods v. Alvarado State Bank, 19 S.W.2d 35, 37-38 (Tex. 1929).

answer the question that we certify below.

IV.   QUESTION CERTIFIED

Does a motorized waterborne vessel, used as a primary residence and otherwise fulfilling all of the requirements of a homestead except attachment to land, qualify for the homestead exemption under Article 16, §§ 50 and 51 of the Texas Constitution?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Texas will determine the issue on appeal in this case.  The record of this case, together with copies of the parties' briefs, is transmitted herewith. QUESTION CERTIFIED.