**In the Matter of Thomas Eugene
NORRIS, Sr.; Karen Lynn
Norris; Debtors.**

**Thomas Eugene Norris, Sr.; Karen
Lynn Norris, Appellants,**

v.

**Johnny W. Thomas, Trustee, Appellee.**

No. 04–51215.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 2007.

Melvin R. Blumberg, San Antonio, TX, for Appellants.

Johnny W. Thomas, San Antonio, TX, pro se.

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:

Thomas and Karen Norris challenge the bankruptcy court's ruling, affirmed by the district court, that their boat does not qualify as a homestead in bankruptcy. On June 20, 2005 we certified the question to the Supreme Court of Texas, thus:

> Does a motorized waterborne vessel, used as a primary residence and otherwise fulfilling all of the requirements of a homestead except attachment to land, qualify for the homestead exemption under Article 16, §§ 50 and 51 of the Texas Constitution?[1]

On February 9, 2007, the Supreme Court of Texas issued its opinion in response to our certified question, holding that a boat cannot qualify as a homestead.[2] In light of this decision by the Supreme Court of Texas, the judgment of the district court is

AFFIRMED.

---

1. *In re Norris,* 413 F.3d 526 (5th Cir.2005).

2. *See Norris v. Thomas,* 215 S.W.3d 851 (Tex. 2007).