# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

———————

No. 21-20145

———————

Fire Protection Service, Incorporated,

*Plaintiff—Appellant*,

*versus*

Survitec Survival Products, Incorporated,

*Defendant—Appellee*.

————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2162

————————————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Fire Protection Service, Inc. filed an unopposed motion to certify a state-law question to the Supreme Court of Texas. Because this case presents a determinative and novel question of Texas law, we GRANT the motion and certify the question.

I.

The facts of this case are fairly straightforward. Survitec Survival Products, Inc. makes life rafts. Survitec had an open-ended oral agreement with Fire Protection to sell Survitec's life rafts. After they made that

No. 21-20145

agreement, the Texas Legislature passed the Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act ("the Texas Dealers Act" or "the Act").  Act of May 27, 2011, 82d Leg., R.S., ch. 1039, §§ 1–5, 2011 Tex. Gen. Laws 2646–59.  The Act (among other things) prohibits equipment suppliers like Survitec from ending dealer agreements without good cause and notice, and it requires those suppliers to buy back unsold inventory from dealers like Fire Protection when they do so. *See* Tex. Bus. & Com. Code §§ 57.202, 57.204, 57.355(a).  Survitec later ended its relationship with Fire Protection without notice and without explaining why.

Fire Protection sued Survitec, alleging it violated these provisions of the Act.  Survitec removed the case to federal court, then responded that the Act violates the Texas Constitution's prohibition on "retroactive law[s]." *See* Tex. Const. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.").  The district court agreed with Survitec and held that the Act was unconstitutional to the extent it retroactively amended the oral agreement between the two parties.  Fire Protection appealed.

II.

When a case presents a question of Texas law, we look to the decisions of the Supreme Court of Texas for the answer.  When no decision gives enough guidance, rather than make an *Erie* guess at the answer, we sometimes ask the Supreme Court of Texas to answer the question for us. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014).  The Texas Constitution gives that court the power to do so, Tex. Const. art. V, § 3-c(a), so long as the case presents "determinative questions of Texas law" not already answered by the Court's precedent, Tex. R. App. P. 58.1.  On our end, we consider three factors before certifying a question:

(1) the closeness of the question and the existence of sufficient sources of state law;

(2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and

(3) practical limitations of the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.

*Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 332 (5th Cir. 2018). Each favors certification here.

Whether the Act (as applied to the preexisting oral agreement) violates the Texas Constitution's retroactivity clause is a close call. The retroactivity clause has been part of the state's constitution for "as long as the State of Texas has been the State of Texas." *City of Fort Worth v. Rylie*, 602 S.W.3d 459, 460 (Tex. 2020). It has its roots in the Declaration of Rights in the Constitution of the Republic of Texas: "No retrospective or ex post facto law, or laws impairing the obligations of contracts shall be made." Repub. Tex. Const. of 1836, Dec. of Rights § 16. And it has been featured in the Bill of Rights in each of the state's constitutions since. *See Robinson v. Crown Cork & Seal Co., Inc.*, 335 S.W.3d 126, 138 & n.63 (Tex. 2010).

Despite this long history, the clause is not so easy to apply. By its terms, the clause is seemingly absolute: No "retroactive law" "shall be made." Tex. Const. art. I, § 16. Most laws have some retroactive effect, though, because they often "operate to change existing conditions." *Tex. Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 648 (Tex. 1971). The Supreme Court of Texas has thus acknowledged that "not all statutes that apply retroactively are constitutionally prohibited." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002); *Robinson*, 335

3

No. 21-20145

S.W.3d at 160 (Willett, J., concurring) ("Retroactivity in and of itself is not fatal."). When the Court first interpreted the clause, Chief Justice Hemphill wrote that "[l]aws are deemed retrospective and within the constitutional prohibition which by retrospective operation destroy or impair vested rights." *DeCordova v. City of Galveston*, 4 Tex. 470, 479 (1849). But the "impairs vested rights" framework proved circular. As then-Justice Hecht put it: "What constitutes an impairment of vested rights is too much in the eye of the beholder," as it ultimately boils down to a law's being unconstitutionally retroactive "if it takes away what should not be taken away." *Robinson*, 335 S.W.3d at 143. That test being unworkable, the Court in *Robinson* concluded that "[n]o bright-line test for unconstitutional retroactivity is possible," and it changed course. *Id.* at 145.

In light of the clause's dual objectives—"protecting settled expectations and preventing abuse of legislative power," *id.* at 139—*Robinson* instructed courts to consider three factors to decide whether a retroactive law is constitutionally prohibited: (1) "the nature of the prior right impaired by the statute"; (2) "the extent of the impairment"; and (3) "the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings." *Id.* at 145. The Court cautioned courts not to weigh the general "public advantage" of a retroactive law against the "relatively small impact on private interests," else the clause "would be deprived of most of its force." *Id.* at 146. Rather, "[t]here must be a compelling public interest to overcome the heavy presumption against retroactive laws." *Id.* That being said, the Court also acknowledged that it has invalidated laws as unconstitutionally retroactive only a few times, so it told courts to "be careful to enforce the constitutional prohibition to safeguard its objectives." *Id.*

Fire Protection had an agreement to sell Survitec's life rafts, but the Texas Dealers Act added obligations the parties did not originally agree to in

their contract. Since *Robinson*, the Supreme Court of Texas has not come across a case like this one. That is precisely why we certified a remarkably similar question a few years ago, which the Court graciously accepted, but the parties settled before the Court could answer it. *See Associated Mach. Tool Techs. v. Doosan Infracore Am., Inc.*, 745 F. App'x 535, 539 (5th Cir. 2018). Were we to say that application of the Texas Dealers Act to the contract between Fire Protection and Survitec violates the Texas Constitution's retroactivity clause, we would be *Erie*-guessing our way into uncharted waters. *See* Frank Chang, *You Have Not Because You Ask Not: Why Federal Courts Do Not Certify Questions of State Law to State Courts*, 85 Geo. Wash. L. Rev. 251, 265–68, 276–77 (2017) (discussing the advantages of certification and disadvantages of *Erie*-guessing under such circumstances).

Beyond the closeness of the question and the dearth of on-point precedent, considerations of comity counsel in favor of certification. As the Court was keen to emphasize in *Robinson*, "courts must be mindful that statutes are not to be set aside lightly." 335 S.W.3d at 146. That is even truer for us, as we are being asked to apply a state constitutional provision to prevent the application of state law to a contract which is itself a creature of state law. In the spirit of "cooperative judicial federalism," we think it better to let Texas's high court say what Texas law is, rather than us saying what we think they would say. *See McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 202 (5th Cir. 2020). The justices of the Supreme Court of Texas are far better-suited than we are to make such a determination, and we are better off riding their robe-tails to the right result here.

The last thing we consider is the practical limitations of certification. None are in play here. Fire Protection's motion for certification was unopposed, and certifying this question early on avoids the hassle of having to argue this case twice. Nor is there any concern of delay. The Supreme Court of Texas has graciously accepted and promptly answered our questions

No. 21-20145

time and again. *McMillan*, 983 F.3d at 203. We have every confidence that it will do so here too.

### III.

IT IS ORDERED that Appellant's unopposed motion to certify a state-law question to the Supreme Court of Texas is GRANTED. We certify the following question of state law to the Supreme Court of Texas:

> Does the application of the Texas Dealers Act to the parties' agreement violate the retroactivity clause in article I, section 16 of the Texas Constitution?

We disclaim any intention or desire that the Court confine its reply to the precise form or scope of the question certified.

QUESTION CERTIFIED.

**A True Copy**
**Certified Nov 22, 2021**

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

6