# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2022

Lyle W. Cayce
Clerk

No. 21-20302

Alfred Dewayne Brown,

*Plaintiff—Appellant*,

*versus*

City of Houston, Texas; Harris County, Texas; Breck McDaniel; Ted C. Bloyd; D. L. Robertson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas

Before Wiener, Graves, and Duncan, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Alfred Dewayne Brown challenges the dismissal of his 42 U.S.C. § 1983 lawsuit. His case presents a novel and significant question of Texas state law, so we certify to the Texas Supreme Court.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20302

I. Introduction

Brown spent more than twelve years in state prison — ten on death row — because of his wrongful conviction for the murders of a Houston police officer and a store clerk. In 2017, following his release from incarceration, Brown filed this § 1983 action in federal district court based on his wrongful prosecution and conviction.

Back in 1965, Texas instituted the Tim Cole Act, TEX. CIV. PRAC. & REM. CODE §§ 103.001 *et seq*. It provides state compensation to individuals who have been wrongfully convicted of state crimes in state courts. Under the statute, "[a] person is entitled to compensation if: (1) the person has served in whole or in part a sentence in prison under the laws of this state; and (2) the person . . . has received a full pardon on the basis of innocence for the crime for which the person was sentenced."[1]

Brown sought mandamus relief from the Texas Supreme Court after the Texas Office of the Comptroller rejected his application for Tim Cole Act compensation several times.[2] In December 2020, the Texas Supreme Court overturned the Comptroller's decision and ordered the State to pay Brown the compensation he was owed under the Tim Cole Act.[3] Texas then paid Brown's Tim Cole Act claim. The instant litigation addresses the viability of Brown's federal lawsuit filed under § 1983 in 2017, long *before* he recovered under the Tim Cole Act.

It is uncontested that Brown has met the criteria of the Tim Cole Act and has received compensation under it. What the parties dispute here is the

---

[1] *Id.* § 103.001(a).

[2] For a more extensive background of the case, see *In re Brown*, 614 S.W.3d 712, 713-16 (Tex. 2020).

[3] *Id.* at 723-24.

No. 21-20302

impact of the following provision of the Act on his previously filed § 1983 suit:

> A person who receives compensation under this chapter may not *bring* any action involving the same subject matter, including an action involving the person's arrest, conviction, or length of confinement, against any governmental unit or an employee of any governmental unit.[4]

The federal district court granted summary judgment in favor of Defendants-Appellees and dismissed Brown's § 1983 case with prejudice. In doing so, that court explained that: "A state's payment for wrongful conviction under the [Tim Cole] Act provides immunity to suits against state and local government entities and employees seeking additional payment for the same wrongful conviction. The court concludes that, presented with the facts in this case, the Texas Supreme Court would likely . . . conclude that § 103.153(b) bars Brown's lawsuit." The district court noted that this case presents "a novel issue of Texas law" as "[t]he Texas Supreme Court has considered the Tim Cole Act several times, but it has not addressed the specific issue presented here."

## II. Standard for Certification to the Texas Supreme Court

The Texas Supreme Court "may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent."[5] We consider three factors in determining whether to certify:

> 1. the closeness of the question and the existence of sufficient sources of state law;

---

[4] Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ §103.153(b) (emphasis added).

[5] Tᴇx. R. Aᴘᴘ. Pʀᴏᴄ. 58.1.

2. the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and

3. practical limitations on the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.[6]

No party to the instant litigation has moved to certify the question to the Texas Supreme Court, but we may certify a question sua sponte.[7] "[C]ases like this one—'where important state interests are at stake and the state courts have not provided clear guidance on how to proceed,'—are candidates for certification."[8]

## III. Application

Brown contends that he may maintain his § 1983 suit because he filed it *before* he received compensation under the Tim Cole Act. He explains that he is only *maintaining* his earlier-filed lawsuit but the statute's plain language only proscribes *bringing* an action *subsequent* to receiving Tim Cole Act compensation.

Defendants-Appellees assert that in analyzing case law, "the Texas Supreme Court understands § 103.153(b) [as providing that] the State's payment provides immunity to suits against state and local governmental entities and employees *seeking additional payment* for the same wrongful conviction."[9] They contend that the Tim Cole Act presents an open offer of settlement to which Brown knowingly and willingly agreed.

---

[6] *In re Gabriel Inv. Grp., Inc.*, 24 F.4th 503, 507 (5th Cir. 2022) (quoting *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 332 (5th Cir. 2018)).

[7] *In re Norris*, 413 F.3d 526, 526-27 (5th Cir. 2005).

[8] *Silguero*, 907 F.3d at 333 (citations omitted) (quoting *In re Katrina Canal Breaches Litig.*, 613 F.3d 504, 509 (5th Cir. 2010)).

[9] (emphasis added).

No. 21-20302

As the district court noted, the Texas Supreme Court has not decided whether the Tim Cole Act's provision that bars a person who has already received compensation thereunder from subsequently bringing any action involving the same subject matter, also bars the continued maintenance of a previously-filed lawsuit. To phrase the puzzle another way, can a lawsuit *filed before* the receipt of Tim Cole Act compensation survive the Act's litigation bar?

Defendants-Appellees reference the Texas Supreme Court's opinion in Brown's own case seeking Tim Cole Act compensation. In a footnote, the court summarized the Tim Cole Act: "The administrative remedy under the Tim Cole Act works to the exclusion of any other action 'involving the same subject matter, including an action involving the person's arrest, conviction, or length of confinement,' and in doing so, the Legislature has spared governmental units, governmental employees, and the wrongfully imprisoned the uncertainty and expense of litigation."[10] Brown counters that Defendants-Appellees' reliance on this footnote is "misplaced" because it "does not purport to decide the issue before the Court, even comment upon it, or construe the language at issue" here.

Both sides hone in on the Texas Supreme Court's decision in *State v. Oakley*,[11] but draw opposite conclusions after analyzing the court's reasoning. In that case, the court analyzed "whether claims for compensation under Chapter 103 can be brought against the State (1) by an assignee, or (2) *after* settling with another unit of government."[12] The wrongfully convicted plaintiff in that case had filed his civil rights claims against the City of Austin

---

[10] 614 S.W.3d at 723 n.60 (citing Tex. Civ. Prac. & Rem. Code §103.153).

[11] 227 S.W.3d 58 (Tex. 2007).

[12] *Id.* at 59 (emphasis added).

and received a settlement from the city.[13] He *then* filed his Tim Cole Act claims.[14] Brown takes from the case that "the Texas Supreme Court stated that § 103.153(b): (1) 'explicitly makes sequence important,' and (2) 'plainly prohibits those who receive compensation from the State from ***then*** suing local government entities or employees.'"[15] In contrast, Defendants-Appellees conclude that "the Texas Supreme Court suggested that once the State has paid Tim Cole Act compensation, §103.153(b) 'grants immunity to local government entities.'"[16]

"We do not 'lightly abdicate our mandate to decide issues of state law when sitting in diversity.'"[17]   But, in enacting the Tim Cole Act, Texas waived its sovereign immunity so as to compensate those who had been wrongfully convicted.

Texas courts should decide in the first instance the extent to which that statutory waiver applies.  We have no reason to believe that certification will cause unnecessary delay. When asked about certification at oral argument, neither side objected to the case being presented to the Texas Supreme Court.[18] That court "has graciously accepted and promptly

---

[13] *Id.* at 59-60.

[14] *Id.* at 60.

[15] (quoting *id.* at 63) (emphasis added by Brown).

[16] (quoting *id.*)

[17] *In re Deepwater Horizon*, 807 F.3d 689, 698 (5th Cir. 2015) (quoting *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997)).

[18] *See Silguero*, 907 F.3d at 333.

No. 21-20302

answered our questions time and again. We have every confidence that it will do so here too."[19]

### IV. Conclusion

We CERTIFY the following question to the Texas Supreme Court:

Does Section 103.153(b) of the Tim Cole Act bar maintenance of a lawsuit involving the same subject matter against any governmental units or employees that was filed before the claimant received compensation under that statute?

"We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified."[20]

---

[19] *Fire Prot. Serv., Inc. v. Survitec Survival Prods., Inc.*, 18 F.4th 802, 805 (5th Cir. 2021) (citation omitted).

[20] *Janvey v. GMAG, L.L.C.*, 925 F.3d 229, 235-36 (5th Cir. 2019) (quoting *Janvey v. Golf Channel, Inc.*, 792 F.3d 539, 547 (5th Cir. 2015)).