# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2022

Lyle W. Cayce
Clerk

No. 21-20145
Summary Calendar

FIRE PROTECTION SERVICE, INCORPORATED,

*Plaintiff—Appellant*,

*versus*

SURVITEC SURVIVAL PRODUCTS, INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2162

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Fire Protection Service, Inc. sued Survitec Survival Products, Inc.,
alleging that Survitec's decision to terminate its open-ended oral agreement
with Fire Protection without good cause or notice violated the Fair Practices
of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20145

Act of May 27, 2011, 82d Leg., R.S., ch. 1039, §§ 1-5, 2011 Tex. Gen. Laws 2646-59. In relevant part, the Act prohibits equipment suppliers like Survitec from ending dealer agreements without good cause and notice, and it requires those suppliers to buy back unsold inventory from dealers like Fire Protection when they do so. *See* Tex. Bus. & Com. Code §§ 57.202, 57.204, 57.355(a).

After removing the case to federal court based on the diversity of the parties, Survitec asserted that the Act violated the Texas Constitution's prohibition on "retroactive law[s]." *See* Tex. Const. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."). The district court agreed with Survitec and granted Survitec's Federal Rule of Civil Procedure 52(c) motion for judgment on partial findings. It held that the Act was unconstitutional because it retroactively amended the oral agreement between the parties; therefore, Fire Protection could not maintain the suit.

Fire Protection appealed, raising two issues: (1) whether the district court erred in granting Survitec's Rule 52(c) motion based on its determination that the retroactivity clause of the Texas Constitution precluded application of the Act to the agreement between Survitec and Fire Protection; and (2) whether the district court erred in finding that Fire Protection did not present evidence that Survitec refused to buy back its inventory after terminating the dealer agreement.

We review a district court's legal conclusions *de novo*. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 633 (5th Cir. 2001). A movant is entitled to a judgment on partial findings "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue . . . ." Fed. R. Civ. P. 52(c). Because our resolution of Fire Protection's first issue is dispositive of this appeal, we do not address its second issue.

No. 21-20145

Texas law governs in this diversity suit, and to determine Texas law, we look first to the final decisions of the Supreme Court of Texas. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam), *certified question answered*, 465 S.W.3d 193 (Tex. 2015). "When no decision gives enough guidance, rather than make an *Erie* guess at the answer, we sometimes ask the Supreme Court of Texas to answer the question for us"— something we did in this case. *Fire Protection Servs., Inc. v. Survitec Survival Prod.*, 18 F.4th 802, 805 (5th Cir. 2021), *certified question answered*, No. 21-1088, 2022 WL 1815046 (Tex. June 3, 2022), *reh'g denied* (Sept. 2, 2022). Specifically, we asked: "Does the application of the Texas Dealers Act to the parties' agreement violate the retroactivity clause in article I, section 16 of the Texas Constitution?" *Id.*

The Supreme Court of Texas accepted our certification and answered that the application of the Act in this case did not violate the constitutional prohibition against retroactive laws in article I, section 16 of the Texas Constitution. *Fire Protection Servs.*, 2022 WL 1815046, at *1. Based on the guidance provided by the Supreme Court of Texas, the district court erred in concluding otherwise and in granting Survitec's Rule 52(c) motion. Accordingly, we REVERSE the district court's judgment on partial findings and REMAND for further proceedings consistent with the foregoing.

REVERSED AND REMANDED.