# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10548

————————

IN THE MATTER OF WILLIAM R. CANADA JR.,

*Debtor*,

WILLIAM R. CANADA JR.,

*Appellant*,

*versus*

DANIEL J. SHERMAN,

*Appellee*,

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2834

————————————————————

Before SOUTHWICK, WILLETT, and HO, *Circuit Judges*.
JAMES C. HO, *Circuit Judge*:

To decide this appeal, we must determine whether an interest in a limited liability company governed by Texas law is exempt property in a federal bankruptcy proceeding. The question turns on the proper interpretation of Texas law. The issue is sufficiently close, recurring, and important that we certify the question to the Supreme Court of Texas.

No. 25-10548

## I.

William Canada declared bankruptcy.  During those proceedings, Canada contended that his 70% ownership interest in DAD Drilling, LLC, is exempt from the bankruptcy estate.  *See In re Canada*, 2023 WL 8446204, *1 (Bankr. N.D. Tex.).

Daniel Sherman, the bankruptcy trustee, objected to this exemption. The bankruptcy court sided with Sherman and denied the exemption, noting that the Texas Business Organizations Code does not explicitly create such an exemption, and that Texas courts have held that a membership interest in a limited liability company (LLC) is non-exempt property.  *Id.* at *6.

The district court affirmed the bankruptcy court, and observed that no exemption is found in Chapter 42 of the Texas Property Code, where bankruptcy exemptions are normally found.  *See Canada v. Sherman*, No. 3:23-CV-02834-E, *4 (N.D. Tex. March 18, 2025).  Canada timely appealed.

The parties agree that this appeal concerns a question of state law statutory interpretation, and that we review such questions de novo.

## II.

Federal bankruptcy law allows debtors to exempt property from the bankruptcy estate, pursuant to either federal law or the law of their domicile state.  *See* 11 U.S.C. § 522(b); *see also*, *e.g.*, *In re Goff*, 706 F.2d 574, 579 (5th Cir. 1983) ("Section 522(b) permits a bankrupt a choice between a 'federal' or 'state' exemption system.  The debtor may elect to exempt either as the 'federal' exemption the property set out in subsection (d) of Section 522 of the Code, *or* as the 'state' exemptions the property specified as exempted under the law of his domicile, plus property exempted by 'Federal law, other than subsection (d).'"); *In re Walden*, 12 F.3d 445, 448 (5th Cir. 1994)

(relying on Texas law to determine whether certain properties were exempt from the bankruptcy estate).

The parties agree that state law can create exemptions in federal bankruptcy proceedings, and that the only question here is whether Texas has exempted LLC membership interests.

Chapter 42 of the Texas Property Code contains a number of relevant exemptions. *See*, *e.g.*, Tex. Prop. Code § 42.002. But exemptions can also be found in other provisions of Texas law. *See*, *e.g.*, Tex. Ins. Code § 1108.051; Tex. Gov't Code § 831.004.

Consider, for example, the following provisions of section 101.112 of the Texas Business Organizations Code, concerning interests in limited liability companies:

> (c) A charging order constitutes a lien . . . [and] may not be foreclosed on under this code or any other law.

> (d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest.

> (e) This section may not be construed to deprive a member . . . of the benefit of any exemption laws applicable to the membership interest of the member. . . .

> (f) A creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company.

Tex. Bus. Orgs. Code § 101.112.

Texas courts have construed these provisions to "prevent disruption of a partnership's business by a judgment creditor seeking to force an execution sale of a partner's interest to satisfy a nonpartnership debt."

*Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 562–63 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 664 (Tex. App.—Dallas 2010, no pet.)).

But the parties agree that the Texas Supreme Court has not answered the question of whether LLC membership interests are exempt property. Resolving this appeal would therefore require us to make an *Erie* guess. *See, e.g.*, *Hux v. Southern Methodist Univ.*, 819 F.3d 776, 780–81 (5th Cir. 2016).

When making an *Erie* guess, we may look to the decisions of intermediate state appellate courts. But we need not follow those decisions if we determine that the highest court of the state would decide otherwise. *See, e.g.*, *id.*; *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 567 (5th Cir. 2010).

Alternatively, we can certify the question to the Supreme Court of Texas. "On occasion, we have considered the following factors when deciding whether to certify: (1) the closeness of the question and the existence of sufficient sources of state law; (2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and (3) practical limitations of the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court." *JCB, Inc. v. The Horsburgh & Scott Co.*, 912 F.3d 238, 241 (5th Cir. 2018) (quotations omitted).

## III.

The question in this case is whether section 101.112 makes LLC membership interests exempt property in a federal bankruptcy proceeding.

On the one hand, Texas intermediate courts have repeatedly found that LLC membership interests are not exempt as a matter of Texas law. *See, e.g.*, *Klinek v. LuxeYard, Inc.,* 672 S.W.3d 830, 839 (Tex. App.—Houston

[14th Dist.] 2023, no pet.) ("A member's ownership interest in a limited liability company is a non-exempt asset."); *Heckert v. Heckert,* 2017 WL 5184840, *7 (Tex. App.—Ft. Worth, Nov. 9, 2017, no pet.) (holding that membership interests in LLCs are non-exempt under state law); *Henderson v. Chrisman,* 2016 WL 1702221, *4 (Tex. App.—Dallas Apr. 27, 2016, no pet.) (holding that section 101.112 of the Texas Business Organizations Code did not make the contested LLC membership interest exempt).

But on the other hand, the plain language of section 101.112 may muddy the picture. By its terms, the statutory text creates an exclusive remedy by which judgment creditors may reach LLC membership interests—and that is arguably a stronger statement of exemption than other uncontested exemptions, such as those which only exclude certain types of remedies. *Compare* Tex. Bus. Orgs. Code § 101.112(d) ("The entry of a charging order is the *exclusive remedy*") (emphasis added), *with* Tex. Rev. Civ. Stat. art. 6243n § 11(d) (stating that the "funds or money mentioned . . . are not subject to execution, levy, attachment, garnishment, the operation of bankruptcy or insolvency law, or any other process of law whatsoever"). Moreover, section 101.112(f) uses the word "creditor" without modification or limitation—thus leaving room for the interpretation that the section restricts non-judgment creditors.

The question in this case is reasonably close and contested. It implicates the interplay between state and federal law. *See* 11 U.S.C. § 522(b) (allowing those declaring bankruptcy to choose between the exemptions offered by a state or those offered by federal law); *see also JCB, Inc.*, 912 F.3d at 241 (noting "considerations of comity" as a reason for certification). And we can expect the issue to recur, given the prevalence of LLCs in Texas. *See, e.g.*, Press Release, *Governor Abbott Celebrates Over 3 Million Active Texas Business Entities*, Nov. 5, 2025, https://perma.cc/CS8A-

No. 25-10548

MLJ6 (stating that LLCs are the "largest classification" of business incorporations in Texas).

Accordingly, we respectfully request that the Supreme Court of Texas address the question that we certify below, as we have done in other appeals involving asserted bankruptcy exemptions under Texas law. *See, e.g.*, *In re Villarreal*, 402 F. App'x. 28 (5th Cir. 2010); *In re Norris*, 413 F.3d 526 (5th Cir. 2005).

## IV.

We hereby certify the following question of law to the Supreme Court of Texas:

Is an LLC membership interest exempt property in a federal bankruptcy proceeding, based on section 101.112 of the Texas Business Organizations Code?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.